[Sac. No. 474.  Department One.—March 3, 1899.]

J. B. DE JARNATT, Respondent, v. W. H. PEAKE et al., Defendants.

AGENCY OF RECEIVER—PURCHASE OF MORTGAGE—FORECLOSURE AGAINST DECEDENT—VALIDITY OF CONTRACT.—A receiver appointed in a foreclosure suit against a deceased mortgagor, may make a valid contract for an agreed commission to act as an agent in negotiating the purchase by third parties of the note and mortgage in suit for full consideration, with the view of acquiring title to the mortgaged land by the foreclosure, if it does not appear that the agent did any act as receiver by which the purchasers were misled, and if no creditors of the deceased mortgagor

complain. Such contract is not contrary to law, or to good morals, or public policy.

Id.—Action upon Check for Commissions.—A check given to such receiver by the purchasers, for his agreed commissions as such agent, is valid; and, upon stoppage of payment, he may maintain an action thereupon against the makers.

APPEAL from a judgment of the Superior Court of Tehama County and from an order denying a new trial. John F. Ellison, Judge.

The facts are stated in the opinion.

J. T. Matlock, for Appellants.

John T. Harrington, for Respondent.

CHIPMAN, C.—Plaintiff sues to recover the sum of seven hundred and seventy-one dollars and fifty cents, the amount of defendant's check, as follows:

"No. 1.                              Red Bluff, Cal., Jan. 20 1897.
"Bank of Tehama County of Red Bluff, Calif.

"Pay to J. B. Jarnatt, or order, $771.50, seven hundred and seventy-one 50-100 dollars.

                                    "PEAKE BROS."

The amended complaint alleges due presentation to the bank, its refusal to pay, notice of nonpayment to defendants before action commenced, notice by defendants to the bank before presentation for payment not to pay said check if presented, and nonpayment by defendants.

The answer alleges want of consideration for the check, and also sets up facts tending to show that plaintiff obtained the check by fraudulent representations. The court found the allegations of the complaint to be true; and found that the check was not given without consideration, nor was it issued through plaintiff's false or fraudulent representations, and that the allegations of fraud are not sustained by the evidence. Judgment passed for plaintiff, from which and from the order denying motion for a new trial defendants appeal.

The evidence of plaintiff tends to establish the following facts: One Scoggins executed his note to the German Savings & Loan Society of San Francisco, which he secured by mortgage to it

on certain real estate in Colusa county; Scoggins died, leaving the note unpaid, and an administrator was duly appointed. The mortgagee brought its foreclosure suit, making the administrator defendant, and in the action plaintiff herein was appointed the receiver. Pending the action defendants purchased the note and mortgage from the loan society, paying therefor the full face value and all interest and accrued costs, with the view of acquiring the title to the land by that proceeding. In the negotiations for this purchase defendants employed plaintiff as their agent and agreed to pay him five per cent commission on the amount due and paid to the loan society. The check in question was drawn at the same time and place as the check given to the loan society for the note and mortgage, and was delivered to plaintiff by defendants, but defendants not long thereafter stopped payment.

The contention of defendants is, that there was an agreement between the parties that plaintiff was to give defendants the benefit of his commissions as receiver, which they affirm were represented by plaintiff to be a sum equal to the amount of the check, and that plaintiff falsely represented the facts to defendants, and that there was, therefore, no consideration for the check. The court found against defendants and in favor of plaintiff upon these issues of fact, and, as the evidence is conflicting, the findings cannot be disturbed.

It is further contended that the contract evidenced by the check was void under section 1667 of the Civil Code, because contrary to an express provision of law and contrary to the policy of express law, and also contrary to good morals, and, therefore, cannot support the action. For the reason that there is a conflict in the evidence, introduced by defendant's to establish the foregoing propositions, we cannot pursue the argument of the learned counsel as to the facts. There is sufficient evidence to support the findings.

The stress of appellants' contention lies in their claim that a receiver appointed by the court in such a case as this becomes a public officer charged with a trust as such officer, and that he cannot, while holding that office, enter into any contract for private gain respecting the subject of the trust. It nowhere appears that plaintiff did any act as receiver by which defendants

were misled. All he did was to assist, as their agent, at their request, in bringing about a purchase by them, from the mortgagee, of its ownership of the note and mortgage so that defendants might stand in its shoes. No creditors of the deceased mortgagor are complaining, and nothing appears from which it may be inferred that the receiver was, through his official position, seeking any advantage for or against defendants inconsistent with his official duties. The public was in nowise concerned. Stripped of all fraud, as the findings leave the transaction, it is simply a question whether plaintiff, as receiver, could, without violating his duty in his trust relation, act as defendants' agent to bring about the transfer of the mortgage debt and security to defendants.

We can perceive no reason why such a transaction is obnoxious to any principles of law or sound morals.

The judgment and order should be affirmed.

Pringle, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Garoutte, J., Van Dyke, J., Harrison, J.